UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BAILEY REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18-CV-1968-GCS |
| | ) | |
| SOUTHERN ILLINOIS | ) | |
| UNIVERSITY d/b/a SOUTHERN | ) | |
| ILLINOIS UNIVERSITY AT | ) | |
| EDWARDSVILLE, | ) | |
| RANDALL PEMBROOK, | ) | |
| ASHLEY COX, | ) | |
| KARA SHUSTRIN, and | ) | |
| CHAD MARTINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM & ORDER

SISON, Magistrate Judge:

Plaintiff Bailey Reed, who was a student at Southern Illinois University at Edwardsville in 2017, alleges that Defendants Southern Illinois University d/b/a Southern Illinois University at Edwardsville ("SIUE"), Randall Pembrook, Ashley Cox, Kara Shustrin and Chad Martinez engaged in a course of gender discrimination and violated her constitutional rights after Reed was sexually assaulted by another student. Before the Court is a motion to dismiss filed by Defendant Ashley Cox (Doc. 9). For the reasons delineated below, the Court denies Defendant Cox's motion.

FACTUAL ALLEGATIONS

In her complaint, Plaintiff Bailey Reed alleges that she was a student at Southern Illinois University at Edwardsville in October 2017, living in campus

housing. Throughout the month of October, she and another SIUE student exchanged friendly and "flirty" messages. She liked the other student. At one point, the other student sent Reed a text and asked, "Do you find me trustworthy?" She replied, "From what I know, Absolutely." He then asked, "Do you think I'm respectful?" Reed replied, "From what I know, I think you're a great guy."

About a day or so after the exchange, the student asked Reed via online communication what she was doing, and she replied that she was getting ready to meet a friend. The student responded that he was coming over to her on-campus apartment. Reed alleges that she did not invite him over, but she did not protest because she liked him.

Reed signed the student into her building, allowing him to come to her apartment. Once there, he grabbed her by the hand and pulled her onto his lap. Reed was uncomfortable and tried to pull herself away. The student began kissing her, and she kissed him back. She quickly told him, however, that she did not want to have sex. He ignored her and picked her up and threw her onto her bed. He proceeded to sexually assault her despite Reed repeatedly telling him "no" and crying. The student repeatedly told her, "It's fine." Later that night, after discussing it with a friend and with her mother, Reed went to Anderson Hospital to report that she had been raped.

At the hospital, a woman entered Reed's room and told her that she worked for a non-profit rape crisis center named Call for Help and that another Call for Help employee, Defendant Ashley Cox, who worked with all SIUE students who were sexually assaulted, would be in touch. Reed was scared and traumatized when she

received the call from Cox. Cox allegedly told Reed that she worked for Call for Help and that their conversations were confidential. Cox failed to reveal that she had become an employee of SIUE approximately four months earlier. Cox told Reed that she did not have to report the rape, but Reed decided she wanted to and went to the SIUE police department. Cox met her there.

At the police department, Cox and Reed spoke privately, and Cox asked Reed how she wanted to proceed. Reed said that she wanted to report the rape and that she wanted to move from her on-campus apartment. Cox then briefly described the Title IX process, allegedly emphasizing how difficult it, and the criminal process, would be. She asked if Reed was sure she wanted to report the assault, and Reed confirmed that she wanted to report it to both the Title IX Office and to the police.

After the conversation, Reed's mother, in front of Reed, told Cox that she was concerned about Reed remaining in the apartment where she had been assaulted, and Cox replied sternly that there was nothing that could be done. Cox then told Reed that she would inform SIUE's Title IX office that Reed wanted to report a sexual assault and that someone from the office would contact her within a few days. When no one from the office called, Reed's mother tried to reach out to Cox, but Cox did not return her calls.

Reed's mother reached out to the Title IX office directly, but she did not receive a response until she left a message threatening to contact a Dean. At that point, she was told that the entire office was out and that it would be a week or more before

someone was available to meet with the family. Reed's mother demanded quicker action, and a meeting eventually was scheduled.

Reed and her family first met with Defendant Kara Shustrin, an Associate Dean, who said that the Title IX Office was aware of the assault but that Cox told them that Reed did not want to make a report. Reed told her that she did want to make a report, and Shustrin and Defendant Chad Martinez, the Title IX Coordinator, offered Cox as a support contact and liaison for the Title IX process. Reed declined the offer of Cox's assistance. Reed alleges that she and her counsel did not learn of Cox's status as an SIUE employee until September 2018 through online research, and she alleges that Cox discouraged her from reporting her sexual assault and failed to start the Title IX process, despite Reed's stated desire to proceed.

The Title IX Office proceeded to investigate Reed's complaint. Nearly 100 days after she reported her sexual assault, Defendant Martinez ruled in favor of her attacker. The decision offered five findings in support: (1) Reed liked and wanted to spend time with her attacker before the assault; (2) Reed enjoyed attention from him and had been "flirty" before the assault; (3) Reed didn't act the way Martinez believed a rape victim should act following a rape; (4) Reed had her timeline of sexual acts and communications confused, undermining her credibility; and (5) Martinez found the sexual positions of the assault as described by Reed difficult to "envision."

Reed appealed the decision to the Sexual Harassment Panel, which found in her favor. Defendant Randall Pembrook, the Chancellor, however, overturned the

panel's decision in April 2018, and the Board of Trustee's refused Reed's appeal on procedural grounds in September 2018.

In Count IV, Reed alleges that Cox, along with all Defendants, violated her Fourteenth Amendment right as a public university student to personal security, bodily integrity and equal protection under the law. They did so by failing to investigate her attacker's misconduct, by failing to discipline him, by failing to adequately train and supervise Pembrook, Cox, Shustrin and Martinez, and by manifesting deliberate indifference to the sexual assault and ongoing harassment of Reed. Reed alleges that Cox was both a policymaker and a state actor for purposes of implementing SIUE's unconstitutional policies and customs.

## LEGAL STANDARD

A complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. Proc. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). A complaint "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Id.*

## ANALYSIS

Defendant Cox first argues that Reed's complaint should be dismissed because her claim in Count IV, brought pursuant to 42 U.S.C. § 1983, is pre-empted by Title IX of the Education Amendments Act of 1972, 20 U.S.C § 1681, *et seq*. In *Fitzgerald v. Barnstable School Committee*, the Supreme Court held that Title IX was not the exclusive mechanism for addressing gender discrimination in schools and that it was not a substitute for § 1983 suits as a means of enforcing constitutional rights. 555 U.S. 246, 255-256 (2009). The Court concluded that Congress did not intend for Title IX to preclude § 1983 suits, describing Title IX's protections as "narrower in some respects and broader in others." *Id.* at 256. All of the cases cited by Defendant in support of her argument pre-date this Supreme Court decision, and her argument fails to address the impact of the decision on this action. As such, the Court finds that, under clearly established Supreme Court precedent, Reed's § 1983 claim is not pre-empted by Title IX.

Cox next argues that Reed fails to allege sufficiently that she is a state actor under § 1983. Reed's complaint alleges that Cox is an employee of SIUE and that, after speaking with Reed at the hospital on the day she reported her rape, Cox failed to disclose that she was employed by SIUE. Reed alleges that she and her attorney discovered Cox was an employee through online research several months later.[1]

---

[1] Reed attaches documentation to support her allegations. As this is a motion to dismiss, the Court does not consider extraneous documents and only considers the four corners of Reed's complaint.

Additionally, the complaint claims that the Title IX Office offered Cox's support as a contact and liaison during the investigation and that Cox concealed her status as an employee. Whether Cox is, in fact, an employee of SIUE is irrelevant at this stage. Reed sufficiently alleges that she is, and, as an employee, Cox is alleged to be a state actor to a degree that satisfies Rule 8.

Cox also asks the Court to dismiss Reed's claim against her because § 1983 does not provide recourse for Reed's injuries. Plaintiff complains that Defendant's argument is confusing and not one that should be raised in a motion pursuant to Rule 12(b)(6). It is difficult to follow Cox's argument on her third point. To the extent that she argues that the damages alleged are not fairly traceable to her alleged actions, that is not an argument about the sufficiency of a complaint that can be raised in a 12(b)(6) motion, and, additionally, it lacks merit. Reed alleges that she was deprived of a true, impartial "confidential advisor," as required, and that Cox was manipulative and misleading in her alleged attempts to dissuade Reed from reporting her assault to the Title IX office. These allegations tie into Reed's overall claim that the investigation into her sexual assault was biased and unfair and that investigation and its outcome caused her harm.

To the extent that Cox perhaps argues that Reed's claim in Count IV is not aimed at her and does not involve conduct in which she was personally involved, her argument also lacks merit. While Cox is not alleged to be involved in all of the conduct in Count IV, her actions are related to at least some of the conduct about which Reed complains. At this stage, Reed sufficiently pleads that § 1983 provides recourse for

injuries allegedly caused, at least in part, by Cox.

Finally, Cox moves for dismissal of Reed's complaint pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. She argues that Call for Help is her employer and a required party. Rule 19 defines a required party as one who "in that person's absence, the court cannot afford complete relief among existing parties." FED. R. CIV. PROC. 19(a)(1)(A). The purpose of Rule 19 is to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990).

Joinder of a required party may be accomplished by Court order, and "[i]f a person has not been joined as required, the court must order that the person be made a party." FED. R. CIV. PROC. 19(a)(2). Additionally, "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. PROC. 19(b). The Court only considers dismissal under 19(b), however, if a necessary party cannot be joined, and dismissal for failure to join a necessary party is not the "preferred outcome under the Rules." *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 634 (7th Cir. 2009).

The Court first notes that the joinder of Call for Help can be accomplished under the Rules. Call for Help is subject to service of process, and the organization's joinder will not deprive the Court of subject-matter jurisdiction in that Reed alleges jurisdiction based on federal question jurisdiction and not diversity jurisdiction. *See*

*Askew*, 568 F.3d at 635. Cox's argument as to the necessity of Call for Help as a party is tenuous and speculative, as she suggests various outcomes could put her in a difficult position of either obeying the Court's order or obeying Call for Help's instructions as her employer. The Court will not dismiss Reed's action on this basis because the relief for failure to join Call for Help would be to join them as a defendant. This does not appear to be Cox's goal, so the Court declines to find that Call for Help is a required party at this time. Defendant Cox remains free to move for joinder of Call for Help as a required party, should she determine that doing so is appropriate.

## CONCLUSION

For the above-stated reasons, Defendant Ashley Cox's motion to dismiss (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 27, 2019.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.09.27 15:38:52 -05'00'

GILBERT C. SISON
United States Magistrate Judge