UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BAILEY REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:18-cv-1968-GCS |
| ) | |
| SOUTHERN ILLINOIS UNIVERSITY, ) | |
| RANDALL PEMBROOK, ) | |
| KARA SHUSTRIN, and ) | |
| CHAD MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On October 6, 2018, Plaintiff Bailey Reed filed suit alleging claims related to a poorly conducted Title IX investigation into a campus sexual assault that she reported to various officials and employees of Southern Illinois University at Edwardsville ("SIUE"). Defendants moved to dismiss her initial complaint, and the Court granted their motions in part while granting Reed leave to file an amended complaint. Reed filed her first amended complaint on October 22, 2019. In November 2019, Defendants again moved to dismiss Reed's claims. The Court denied the motions to dismiss on January 31, 2020.

On March 13, 2020, Reed moved to amend her complaint, and the proposed amended complaint included a new claim alleging the existence of an official policy or practice of deliberate indifference to sexual harassment and violence on campus. The Court granted Reed leave to amend on March 31, 2020. On May 21, 2020, Defendants again moved to dismiss Reed's claims, and the Court granted their motion only as to the

newly added policy and practice claim on June 10, 2020. The Court did not grant Reed leave to amend in the order dismissing Count V, though the order did not prohibit her from seeking leave. On August 7, 2020, on the eve of the discovery deadline, Reed filed a motion for leave to file a third amended complaint. (Doc. 114).

Pursuant to the most recent scheduling order (Doc. 87), motions to amend the pleadings were due by November 5, 2019. Despite that deadline, Reed was granted leave to amend in March 2020. The scheduling order, as amended by the Court's COVID-19-related administrative orders, also set the discovery deadline as August 10, 2020. Dispositive motions are due on August 24, 2020. The Court clarified these deadlines in response to a motion filed by Reed in which she expressed a degree of disappointment that the parties received automatic discovery deadline extensions. Additionally, during a June 24, 2020 status conference, the Court confirmed that the discovery deadline remained August 10, 2020, and dispositive motions must be filed by August 24, 2020. Neither party requested an extension nor objected to the deadlines as unworkable during the hearing.

Reed explains that she informed Defendants of her plan to seek leave to amend her complaint on July 16, 2020, even though she did not file her motion until the end of the discovery period. She argues that the amendment is necessary because the undersigned ordered that references to Ashley Cox as a defendant be stricken from the operative complaint and because she learned new information relevant to the policy and practice claim dismissed by the Court late in the discovery process. Defendants strongly oppose permitting an additional amendment at the close of discovery, shortly before the

deadline for filing dispositive motions. They also request an extension of the dispositive motion deadline due to the uncertainty with the state of the pleadings caused by Reed's eleventh-hour request.

Federal Rule of Civil Procedure 15(a)(2) provides that leave of court is required to amend a pleading and that "[t]he court should freely give leave when justice so requires." Leave to amend can be denied if there is undue delay, bad faith, dilatory motive, undue prejudice, or futility. *See King v. Kramer*, 763 F.3d 635, 643-644 (7th Cir. 2014). Here, amending the complaint at the close of discovery would cause undue delay, and it would unduly prejudice Defendants. An amendment after the close of discovery either requires Defendants to file dispositive motions without the benefit of discovery directed at the new claim or requires the Court to reopen discovery and extend the dispositive motion deadline again. The delay required would not be short, as the Court anticipates Defendants would move to dismiss the proposed amended complaint. The Court then would have to allow sufficient time for briefing before any dispositive motion deadline or discovery cut-off date could be re-set. In essence, the request for leave to amend amounts to a last-minute request to extend discovery by several months.

Pursuant to Rule 16(b), a discovery "schedule may be modified only for good cause." In making a "good-cause determination, the primary concern for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)(citing references omitted). While Reed's reply brief is more detailed, her motion itself refers vaguely to new information she received without mention of what the information was or when she received it. Her reply clarifies that she was aware of the

information around June 9, 2020, and that counsel was ill and in a car accident at some point in the past two months, which prevented her from acting quickly to amend her complaint. Reed's counsel explains that she did not inform defense counsel of the issues she was dealing with because no deadlines were pressing, but the Court notes that an important deadline was pressing, *i.e.*, the upcoming close of discovery and dispositive motion deadline. The new information also was apparently in Reed's possession during the June 2020 status conference during which the Court confirmed the upcoming deadlines with the parties.

While leave to amend should be freely given, parties are not entitled to last-minute, unagreed requests that create chaos for established deadlines, and the Court finds that Reed's motion fails to demonstrate good cause for allowing her to amend at this stage. *See Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016)(discussing the tension between Rule 15(a)(2) and 16(b)(4) when a motion for leave to amend is filed after the deadline). The Court is unsure why Reed waited until the close of discovery to seek leave to amend. In considering the issue of diligence, it would have been prudent to seek to extend discovery when Reed decided she would seek leave to amend and to explain at that time that a proposed amended complaint was forthcoming. Instead, Reed filed a very brief, vague, eleventh-hour request, and the Court is left to conclude that granting it will lead to undue delay and prejudice.

Even if the Court was inclined to grant Reed's request, her motion fails to comport with Local Rule 15.1 and that alone is a basis for denying it. Local Rule 15.1 requires that

all new material in an amended pleading must be underlined, and the proposed amended complaint is not underlined.

For all these reasons, Reed's motion to amend is **DENIED**. The Court extends the dispositive motion deadline through September 3, 2020, to account for any uncertainty as to the pleadings that impeded the parties' ability to draft their motions.

**IT IS SO ORDERED.**

Dated: August 13, 2020.

Digitally signed by Judge Sison
Date: 2020.08.13 14:17:04 -05'00'

GILBERT C. SISON
United States Magistrate Judge