UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BAILEY REED, )<br>)<br>      **Plaintiff,** )<br>)<br>vs. )<br>)<br>SOUTHERN ILLINOIS UNIVERSITY, )<br>RANDALL PEMBROOK, )<br>KARA SHUSTRIN, and )<br>CHAD MARTINEZ, )<br>)<br>      **Defendants.** ) | Cause No. 3:18-cv-1968-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Now before the Court is Plaintiff's motion for reconsideration of the order denying her motion for leave to file a third amended complaint, which Defendants oppose. The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 54(b), however, allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment. FED. R. CIV. PROC. 54(b). *See also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)(noting that any "order short of a final decree is subject to reopening at the discretion of the district judge.").

Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)(internal quotations and citations omitted). "A manifest error is not demonstrated

by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)(internal quotations and citation omitted).

Here, there has not been a manifest error of law or fact, nor is there newly discovered evidence that suggests that the order denying Plaintiff's motion should be reversed. Plaintiff fails to establish sufficiently that the ruling disregarded, misapplied, or failed to recognize controlling precedent. In reviewing the order at issue, the Court notes that it provided four main reasons for denying Plaintiff's request: an amendment at this stage would cause undue delay, Defendants would be unduly prejudiced by allowing a third amended pleading, Plaintiff did not demonstrate diligence and good cause for amending her complaint, and Plaintiff did not comply with Local Rule 15.1 in submitting her proposed amended complaint.

Failure to comply with the Local Rules can result in denial of a party's motion as a matter of course, *sua sponte*, at the Court's discretion. This basis for denial of Plaintiff's request was not a manifest error of law or fact. With respect to the application of the Rule 16(b) good cause standard, Plaintiff suggests that the November 5, 2019 deadline for filing amended pleadings was not an actual deadline because the parties are permitted to move deadlines, other than the discovery deadline and dispositive motion deadline, by

agreement, and because discovery issues were in dispute after that deadline passed.[1] While the parties may adjust deadlines by agreement, there was no agreement here. If there had been an agreement, even without the Court's imprimatur, then the agreed-upon date would be the new deadline. In the absence of an agreement, gentleman's or otherwise, the deadline in the scheduling order remains the only deadline. As a deadline set by the Court in a scheduling order, Rule 16(b) comes into play when weighing an extension. This rule applies regardless of whether discovery issues were pending before the Court at or after the deadline passed. There is nothing in the record to suggest that there was an implied agreement that Plaintiff could amend her complaint on the last business day before discovery closed. Instead, Defendants are clear in their response that there was no such agreed-upon extension. Therefore, the Court must look for good cause under Rule 16(b) before granting Plaintiff leave to amend.

Here, the Court found that there was not good cause because there was a lack of diligence. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)(stating that in making a "good-cause determination, the primary concern for district courts is the diligence of the party seeking amendment.")(citing references omitted). It was not a manifest error of law or of fact to find that there was a lack of diligence here. Plaintiff had the information she attempted to add to her complaint two months prior to seeking leave of Court to amend, which she did on the eve of the close of discovery. The Court held a

---

[1] Plaintiff also argues that Defendants did not raise the issue of the deadline for amending pleadings, but that is a misstatement. Defendants' response to Plaintiff's motion to file third amended complaint plainly stated, "Under [the December 12, 2019] Scheduling Order, the deadline to amend the pleadings was November 5, 2019." (Doc. 115, p. 2-3).

status conference two weeks after Plaintiff received the information, at a point when Plaintiff had the Court's ruling dismissing her pre-assault claim. The Court confirmed the discovery deadlines with the parties at that time, and there were no objections raised. Plaintiff informed defense counsel on July 16, 2020, of her plan to amend, but, again, the motion was not filed until the last business day before discovery closed. It was not a manifest error of law or fact to find that the record reflects a lack of diligence and undue delay that undermines a showing of good cause, as required by Rule 16(b).

To the extent that Plaintiff argues that it was improper to consider good cause under Rule 16, even if the undersigned did not consider good cause at all, the Court pointed to two additional reasons for denying Plaintiff's motion to amend her complaint: the risk of undue delay and of undue prejudice to Defendants. The Court does not believe that "Plaintiff had some scheme to file an amended complaint on purpose at the end of discovery," (Doc. 118, p. 3), as Plaintiff suggests, as the Court did not base its ruling on a finding of bad faith or a dilatory motive. Instead, the undersigned reviewed the information in the record and concluded that a last-minute amendment would cause undue delay and undue prejudice to Defendants. Simply put, the Court found that it was too late in this litigation to start anew with another amended complaint. Plaintiff's motion for reconsideration does not establish that these findings were manifest errors.

The undersigned is well aware of the troubling allegations in this case and of the importance of this litigation to the parties, but the Court does not factor in the novelty of an issue in considering whether leave to amend is appropriate. The Court focuses on the rules and on controlling and persuasive authority, and district courts often deny motions

for leave to amend that come at or after the close of discovery. *See, e.g.*, *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009)(upholding denial of motion for leave to amend filed 3 days before fact discovery deadline); *Bohen v. City of East Chicago*, 799 F.2d 1180, 1184 (7th Cir. 1986)(affirming denial of motion for leave to amend filed 2 weeks before the close of discovery); *Hall v. Flannery*, No. 3:13-cv-914-SMY-DGW, 2015 WL 2008345, at *4 (S.D. Ill. May 1, 2015)(denying motion for leave to amend filed 11 days prior to the discovery cut-off for being untimely and prejudicial and for violation Local Rule 15.1).

Here, Plaintiff's request was made as discovery was ending, more than two months after Plaintiff received the information that formed the basis of her proposed complaint. Permitting a new complaint will delay this action and will prejudice Defendants. Plaintiff has four claims pending, each raising serious charges against Defendants. The Court's order does not diminish the importance or seriousness of this case. Instead, it prohibits adding a previously-dismissed claim at the close of discovery, weeks before dispositive motions are due.

Nothing in Plaintiff's motion to reconsider leaves the undersigned with the firm conviction that there has been a mistake of law or of fact. Rather, Plaintiff disagrees with the Court's decision, which, while well within her right, does not form a basis for setting aside the Court's order. For all these reasons, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 28, 2020.

Digitally signed by Judge Sison 2
Date: 2020.08.28 13:22:30 -05'00'

GILBERT C. SISON
United States Magistrate Judge